**UNITED STATES of America, for the use of C.W. Henderson and Wanda Henderson, husband and wife, dba C.W. Henderson Construction Co., a sole proprietorship, Plaintiffs–Appellants,**

v.

**NUCON CONSTRUCTION CORPORATION, dba Centric–Jones Co.; J.A. Jones Construction Company; Centri–Jones Co.; Aetna Casualty and Surety Co.; Entities 1–100, Defendants–Appellees.**

No. 99–15985.

D.C. No. CV–90–00182–ACM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided March 20, 2001.

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [1]

C.W. Henderson Construction Company, C.W. Henderson and Wanda Henderson (collectively "Henderson") appeal the district court's order awarding Henderson no damages. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

We review the district court's factual findings for clear error and its contract interpretation de novo. *Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 948 (9th Cir.1986). The facts are clear and Henderson does not dispute on appeal that Henderson breached the contract. The district court properly applied paragraph 2 of the contract which provided that Nucon Construction could pursue any remedies available under applicable law for Henderson's breach. Accordingly, we reject Henderson's argument that Nucon was not entitled to set-off damages available under Arizona law which applies here.[2] *See Arizona Eastern R.R. Co. v.*

---

2. We also reject Henderson's argument that "law of the case" precluded the district court from applying paragraph 2 of the contract. This Court's previous decision did not preclude the district court's consideration of the entire contract in its interpretation.

*Stewart,* 17 Ariz. 227, 149 P. 753, 754 (Ariz. 1915).

Henderson further argues that the district court erred in striking its expert testimony on demobilization costs and in granting Nucon a directed verdict on this issue. We disagree and conclude that the district court did not abuse its discretion in excluding Henderson's expert testimony on demobilization. Having properly excluded this testimony, the district court did not err in granting Nucon a directed verdict on demobilization costs as the evidence permitted only one reasonable conclusion. *See Amarel v. Connell,* 102 F.3d 1494, 1517 (9th Cir.1996).

Accordingly, the district court correctly calculated the damages and we agree with the judgment in favor of Nucon Construction. Because Henderson is not owed any damages, the district court did not err in denying Henderson pre-judgment interest. Additionally, having found Henderson's conduct outrageous and in flagrant disregard of its contractual obligations, the district court did not abuse its discretion in denying Henderson attorneys' fees.

AFFIRMED.

---

1. We unanimously find this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.